# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY PEARLMAN,<br>       *Defendant* | Case No. 3:17-cr-00027 (MPS) |

## DEFENDANT JEFFREY PEARLMAN'S MOTION FOR PERMISSION TO MAKE OPENING STATEMENTS

Defendant Jeffrey Pearlman herein moves that the Court permit his counsel to make an opening statement at his trial for which jury selection is scheduled to begin on February 7, 2018.

As noted by the government in its similar motion to make an opening statement, whether to allow opening statements is in the sound discretion of the trial court. *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 352 (D. Conn. 1990). Such statements are warranted when they "help jurors better understand the evidence" and therefore allow each side "a fair opportunity to present its case." *Id.* at 352-53.

In this case, the government alleges that Mr. Pearlman conspired to violate the Anti-Kickback Law, 18 U.S.C. § 371 and 42 U.S.C. § 1320a7(b)(2), by

agreeing with others to provide payments to doctors in the form of speaker programs in order to induce them to prescribe a certain pharmaceutical drug.

A defense opening statement in this case is essential to give Mr. Pearlman an opportunity to ensure that the jury will better understand the theory of his defense; the government's burden of proof; the importance of intent in a criminal case; and the significance of certain pieces of evidence and testimony that will be presented at trial. Furthermore, the government stated that "the route that the Government will take to attempt to [to prove their Anti-Kickback theory] may not be so simple to a juror unfamiliar with the facts and concepts of the case." Gov't Mot. at 2, Dkt. No. 108. Accordingly, the defense likewise believes that providing a framework to the jury through an opening statement will assist the jury in evaluating the evidence and reaching a fair and well-reasoned verdict. Finally, the Government has indicated that it will seek to introduce evidence about the pharmaceutical drug at issue, the registration process for drugs by the Food and Drug Administration, and the details of the process through which Medicare pays for reimbursement of drugs. An opening statement would be important to guide the jury's introduction to these subjects and allow them to better comprehend the significance of these technical issues to the trial.

In sum, Mr. Pearlman submits that opening statements will aid the jury's understanding of the evidence and provide each side a clear context in which it will

present its case. For those reasons, Mr. Pearlman respectfully requests that the Court permit the parties to make opening statements in this matter.

Dated: November 8, 2017

**KATTEN MUCHIN ROSENMAN LLP**

By: <u>/s/ *Scott A. Resnik*</u>
    Scott A. Resnik
    Michael M. Rosensaft
    575 Madison Avenue
    New York, New York 10022-2585
    (212) 940-8800 (phone)
    (212) 940-8776 (fax)

## **CERTIFICATION**

I hereby certify that on November 8, 2017, a copy of the foregoing was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Michael M. Rosensaft*
Michael M. Rosensaft